IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MAJESTIC HOMES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ROSE HURT, <br><br> Defendant. | CV 16-08-BLG-SPW <br><br> ORDER |

Before the Court is Plaintiff Majestic Home's motion for attorney fees. (Doc. 61).

On August 31, 2017, Plaintiff Majestic Homes was granted summary judgment on the issue of liability. (Doc. 33). On February 13, 2018, the Court determined it was undisputed Majestic Homes was entitled to the unpaid purchase price of the goods, which was $115,989.00. (Doc. 45). On February 26, 2018, a jury trial was held on the issue of incidental damages. (Doc. 48). The jury found Majestic Homes was entitled to $16,770.00 in incidental damages. (Doc. 50). On March 2, 2018, the Clerk entered judgment in favor of Majestic Homes in the amount of $160,306.00, which included prejudgment interest. (Doc. 60). On March 5, 2018, Majestic Homes moved the Court for an award of attorney fees. (Doc. 61). The agreement between Majestic Homes and Defendant Rose Hurt

1

provided that, in the event of a breach, reasonable attorney fees will be awarded to the prevailing party. (Doc. 19-3 at 9). When the motion was filed, counsel for Hurt stated it was undecided whether the motion was opposed. To date, counsel for Hurt has not filed a response.

Generally, a motion for attorney fees must specify the judgment and the statute, rule, or other grounds entitling the movant to the award and state the amount sought or provide a fair estimate of it. Fed. R. Civ. P. 54(d)(2). The Court must give an opportunity for adversary submissions. Fed. R. Civ. P. 54(d)(2)(C). Per local rule, the failure to file a response brief may be deemed an admission that the motion is well-taken. D. Mont. L.R. 7.1(d)(1)(B)(ii).

Attorney fees are available when provided for in an agreement between the parties to a lawsuit. *Jordan v. Elizabethan Manor*, 593 P.2d 1049, 1055 (Mont. 1979).

Majestic Home's motion satisfies Rule 54(d)(2)'s requirements because it appropriately cites the Clerk's judgment, *Jordan*, and the parties' contract, as the grounds entitling it to an award of attorney fees. Majestic Home's motion is supported by an attached affidavit which details the time its attorney spent on its case. (Doc. 58-1). The Court has given Hurt seventeen days to respond to Majestic Home's motion, which is three more than she is entitled to. D. Mont. L.R. 7.1(d)(1)(B)(ii). Hurt has filed no response in that time, nor any motion for

extension of time to respond.  The Court finds Hurt's failure to respond to Majestic Home's motion for attorney fees is an admission that the motion is well taken.  D. Mont. L.R. 7.1(d)(1)(B)(ii); *Brydges v. Lewis*, 18 F.3d 651, 652 (1994) ("when local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion.").

IT IS HEREBY ORDERED that Majestic Home's motion for attorney fees (Doc. 61) is GRANTED.  Majestic Homes is entitled to $12,784.00 in attorney fees.

DATED this 23rd day of March, 2018.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge